Daniel, Judge.
First; the defendant moved the Court to instruct the jury that there was no evidence of a delivery of the bond declared on. The Court charged, that to constitute a delivery, it was sufficient, if the bond being present, that the defendant madé use of words showing his intention that the obligee should take it as the act and deed of the obligor. That when the bond was presented to Lane, if he acknowledged his signature with the intent that. Leach (the plaintiff’s agent) should retain it as the defendant’s deed, and upon being told the amount did not object, then though it was for more than he expected, still if retained by Leach as the defendant’s act and deed, the jury should find there was a delivery. We do not perceive any error in this part of the charge. No particular form is necessary in the delivery of a bond ; the mere throwing it on the table, or any act or word from which the intention of the obligor to put the bond in the possession of the obligee may be inferred, is sufficient. Co. Litt. 36 a. Hurlestone on Bonds, 8.
Secondly; The defendant contended, that the act of Leach in putting his name to the paper as a subscribing witness, vitiated and rendered’ the bond void in law — as there was no evidence he did so, with the knowledge or consent of the defendant. On this point, the Court charged the jury, that if they believed the name of Leach was pnt on the bond as a subscribing witness under the circumstances stated by him, it did not vitiate the bond and render it void in law. We think in principle the case of M’Crow v. Gentry, 3 Campb. 232, is very much like this. Action against the maker of a promissory note, which purported to be attested by two witnesses. One of these being called to.i prove it, stated that he did not put his name to it in the presence of the defendant, nor was he ever called upon by the defendant to attest it; but he saw the defendant deliver it as his note .of hand to the payee, and he afterwards put his name to it without the defendant’s knowledge. Lord Ellenborough — “ I cannot receive the evidence , of this person as of an attesting witness, to the note. He was no attesting witness, but a mere volunteer. If the other person whose name is on the note as attesting witness,, really was ’ s o, it can only be proved by his evidence. It appeared, *116 however, that this person had not put his name to it exactly under the same circumstances as the other, and the defendant’s acknowledgment was considered sufficient to fix him. So the plaintiff had a verdict.” The defendant acknowledged to Leach (the plaintiff’s agent) that it was his bond. Leach was a competent witness to prove that fact. The ñamé of this witness having been placed on the paper, purporting to be a subscribing witness when in fact he did not put it there at the request or in the presence of the defendant, is not in our opinion such an addition or alteration of the bond as will vitiate or render it void. Lord Ellenborough, in the case quoted, did not consider the signature of the names of the two persons who had signed the note as if they were subscribing witnesses, such an alteration or addition as to destroy the instrument. If the witness had been dead, it is true, proof of his hand writing under such circumstances would not have been sufficient evidence to let the case go ¿(le jury for them to infer the due execution of the bond ; J * other evidence would have been required, as proofs of the hand writing of the obligor, his acknowledgment, or the like., Holloway v. Lawrence, 1 Hawks 49. In the case of Talbert v. Hodson, 2 E. C. L. Rep. 91, it appears that the attesting witness to a bond, wrote the attestation, when ^le obligor was not present, and without seeing the obligor execute it. The Court, notwithstanding, permitted other evidence to be given of the execution by the obligor, and the obligor had a verdict and judgment. This is a strong case aSa'nst ^ie position taken by the defendant’s counsel that the bond is void. The judgment must be affirmed,
If a per-subscribed a bond as witness ■without edge o°wl" the obHg-f or, die, his hand-wouicUiot besuffi-dence of" ecu don of" thether ev idence would be as^proofs of the hand writing of the obligor, his acknowledgment or the like.
The case of Hol-lowy y. Lawrence, 1 Hawks 49, approved.
Per Curiam. Judgment affirmed.